UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Michael Leyones, <br>      Petitioner <br><br> — against — <br><br> United States of America, <br>      Defendant. | **10-CR-743 (ARR)** <br> **16-CV-3267 (ARR)** <br><br> **Opinion & Order** <br><br> **Not for electronic or print publication** |

ROSS, United States District Judge:

Petitioner, Michael Leyones, brings this petition under 28 U.S.C. § 2255 to vacate his conviction under 18 U.S.C. § 924(c)(1)(A) pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). For the reasons that follow, his petition is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

The federal criminal charges against Leyones stemmed from his attempt to rob a bank using a handgun in late August 2010. On September 20, 2011, Leyones pleaded guilty to two counts: attempted bank robbery in violation of 18 U.S.C. § 2113(a) and (d),[1] and using and carrying a firearm in relation to a "crime of violence" (the attempted bank robbery) in violation of 18 U.S.C. § 924(c)(1)(A)(iii). *See* J. of Conviction, ECF No. 58.[2] Because Leyones discharged his handgun during the course of the attempted bank robbery, the second count carried a mandatory minimum sentence of ten years' imprisonment. *See* 18 U.S.C. § 924(c)(1)(A)(iii).

Leyones's plea agreement contained an estimated sentencing guidelines range of 308 to 355 months. *See* Plea Agreement ¶ 2, ECF No. 87-1. The agreement also has a broad appellate waiver,

---

[1] The bank robbery statute prohibits both attempted and completed bank robbery. *See* 18 U.S.C. § 2113(a).

[2] All docket citations are to the docket of Leyones's criminal case, No. 10-CR-743 (ARR).

1

which states:

> The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or by any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 382 months or below.

*Id.* ¶ 4. At his plea hearing, Leyones affirmed that he had read the entire plea agreement and fully understood its terms. Plea Tr. at 11:22−12:10, ECF No. 87-2. Leyones also specifically affirmed that he understood that by pleading guilty he was agreeing "not to file an appeal or otherwise challenge [the] conviction or the sentence by habeas corpus petition" so long as the court imposed a sentence of less than 382 months' imprisonment. *Id.* at 18:18−23.

On October 12, 2012, Leyones was sentenced to a total of 177 months of imprisonment: 57 months on the attempted bank robbery count and the mandatory minimum of 120 months on the use of a firearm in connection with a crime of violence count. J. of Conviction, ECF No. 58.

On June 26, 2015, the Supreme Court held in *Johnson v. United States*, 135 S. Ct. 2551 (2015), that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was void for vagueness. 135 S. Ct. at 2563. The following year, in *Welch v. United States*, the Court held that *Johnson* had announced a new substantive rule that applies retroactively on collateral review. 136 S. Ct. 1257, 1265 (2016).

On June 17, 2016, Leyones timely[3] filed the instant petition pursuant to 28 U.S.C. § 2255. *See* Pet., ECF No. 73. Leyones seeks to vacate his conviction under 18 U.S.C. § 924(c)(1)(A) for using and carrying a firearm in relation to a crime of violence. *Id.* at 5. Specifically, Leyones argues that his conviction should be vacated because attempted bank robbery under 18 U.S.C. § 2113 is not

---

[3] Leyones's petition is timely because it was filed within one year of the date *Johnson* was decided. *See* 28 U.S.C. § 2255(f)(3) (providing a petition is timely if it is filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court").

a "crime of violence" as that term is defined in 18 U.S.C. § 924(c)(3). *Id.*; *see also* Mem. Brief Pursuant to *Johnson v. United States* ("Pet'r Mem.") at 7, ECF No. 84. The government opposes petitioner's motion. *See* Gov't Mem. of Law in Opp'n to Pet. ("Gov't Mem."), ECF No. 87.

## DISCUSSION

### A. Waiver of Right to Collateral Review

In the plea agreement, Leyones waived his right to "challenge, by petition pursuant to 28 U.S.C. § 2255 . . . , [his] conviction . . . in the event that the Court imposes a term of imprisonment of 382 months or below." Plea Agreement ¶ 4. Because the court imposed a term of imprisonment of 177 months, this waiver applies. The government argues that this waiver bars the petition that Leyones now brings. *See* Gov't Mem. at 3−6.[4]

As a general matter, "[a] defendant's knowing and voluntary waiver of the right to . . . collaterally attack his conviction . . . is enforceable." *Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016) (per curiam). "Knowing and voluntary appellate waivers included in plea agreements must be enforced because, if they are not, 'the covenant not to appeal becomes meaningless and would cease to have value as a bargaining chip in the hands of defendants.'" *United States v. Granik*, 386 F.3d 404, 412 (2d Cir. 2004) (quoting *United States v. Rosa*, 123 F.3d 94, 97–98 (2d Cir. 1997)). Leyones makes no argument that his waiver was not knowing and voluntary and, in any event, a review of the record suggests that such an argument would be fruitless. *See Tellado v. United States*, 745 F.3d 48, 53−55 (2d Cir. 2014) (finding a defendant's waiver of collateral review knowing and voluntary because the "court's inquiry of [the defendant at his plea hearing] regarding . . . the full scope of the waiver was adequate to ensure that [the defendant] was aware of his rights and of

---

[4] Neither of petitioner's submissions address this issue.

what he was waiving").

Nonetheless, "in some circumstances that implicate a defendant's constitutional rights, a waiver of the right to appeal may be invalid and should not be enforced." *United States v. Gomez-Perez*, 215 F.3d 315, 318 (2d Cir. 2000); *see also United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011) ("A violation of a fundamental right warrants voiding an appeal waiver."). "These exceptions to the presumption of the enforceability of a waiver, however, occupy a very circumscribed area of . . . jurisprudence." *Gomez-Perez*, 215 F.3d at 319. They include: "when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, when the government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence." *Id.* (citations omitted).

The government argues that no such exception applies here. Specifically, the government draws on Second Circuit precedent that unequivocally holds that appellate waivers are enforceable "in circumstances where the sentence was conceivably imposed in an illegal fashion . . . , but yet was still within the range contemplated in the plea agreement." Gov't Mem. at 4 (quoting *Gomez-Perez*, 215 F.3d at 319). As the government explains, under this line of caselaw, appellate waivers are enforceable against sentencing challenges even when the grounds for the challenge arose after the entry of a plea. *See id.* at 5. Thus, in *United States v. Morgan*, 406 F.3d 135 (2d Cir. 2005), the Second Circuit found that an appellate waiver barred a petitioner's challenge to his sentence, and explained that the defendant's "inability to foresee that subsequently decided cases would create new appeal issues does not supply a basis for failing to enforce an appeal waiver. On the contrary, the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements." *Id.* at 137. The reasoning behind this rule is that each

4

party is entitled to "the benefits [they] received from their bargain": a defendant "[l]imit[s] his criminal exposure," while the government is "ensured that [the defendant] would be sentenced within a range it believed satisfactory and [is] relieved of the obligation to prepare for, and proceed to, trial." *Id.* Using the same reasoning, the Second Circuit has recently denied a number of § 2255 petitions made pursuant to *Johnson* in which petitioners challenging their sentences had signed appellate and collateral review waivers. *See Sanford*, 841 F.3d at 580−81 (collecting cases).

However, this case differs from *Morgan*, *Sanford*, and the recent Second Circuit decisions cited in *Sanford* in a key respect. In each of those cases, the petitioner challenged his sentence. Here, by contrast, Leyones challenges the basis of his *conviction* under 18 U.S.C. § 924(c)(1)(A). Thus, Leyones's petition before me raises a different question than is addressed in any of the cases cited by the government: Is an appellate or collateral review waiver enforceable to bar a petitioner's claim that a newly announced constitutional rule warrants vacating his criminal conviction?

I have serious doubts that such a waiver is enforceable under these circumstances. "A violation of a fundamental right warrants voiding an appeal waiver," *Riggi*, 649 F.3d at 147, and it is difficult to imagine a right more fundamental than the due process right implicated when "a new rule changes the scope of the underlying criminal proscription . . . [such that] 'a defendant stands convicted of an act that the law does not make criminal,'" *Welch*, 136 S. Ct. at 1266 (quoting *Bousley v. United States*, 523 U.S. 614, 620 (1998)). But the law on this issue is not settled. *See* 15B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3918.7 (2d ed. 2017) ("It remains to be seen how far [broad appellate waivers] will be honored. The argument[] that the statute underlying the prosecution is unconstitutional . . . may be so fundamental that a [waiver will not be enforced].").

The enforceability of the waiver here, however, need not be resolved because Leyones's claim

fails on the merits in any event. *See United States v. Concho*, No. CR 12-2229, 2017 WL 3084454, at *7−8 (D.N.M. July 19, 2017) (R. & R.) (declining to enforce waiver in similar challenge to § 924(c)(1)(A) conviction, but denying petition on the merits "because [petitioner's] conviction . . . remains a crime of violence under . . . 18 U.S.C. § 924(c)(3)(A)").

### B. Merits of the Petition

Leyones argues that his conviction under 18 U.S.C. § 924(c)(1)(A) should be vacated because bank robbery under 18 U.S.C. § 2113(a) and (d) is not a "crime of violence" as defined by 18 U.S.C. 924(c)(3). To prevail on this claim, Leyones must show that § 2113 bank robbery falls under *neither* the "force clause" of § 924(c)(3)(A) (which defines "crime of violence" to include a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another") *nor* the "residual clause" of § 924(c)(3)(B) (which defines "crime of violence" to include a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense"). The argument Leyones advances, *see* Pet. at 5; Pet'r Mem. at 2, cannot prevail. All relevant authority, including a recent Second Circuit decision, has stated that bank robbery under § 2113(a) and (d) falls within the scope of the force clause of § 924(c)(3)(A).[5]

In another 2015 case titled *Johnson* (hereinafter "*Leonard Johnson*"), the Second Circuit considered an appeal by a criminal defendant who — like Leyones — was convicted of both bank

---

[5] Because § 2113(a) and (d) satisfies the force clause of § 924(c)(3), I need not address the constitutionality of the residual clause of that statute. *See United States v. McNeal*, 818 F.3d 141, 152 n.8 (4th Cir. 2016), *cert. denied*, 137 S. Ct. 164 (2016). I note, however, that the key to petitioner's argument regarding the residual clause of § 924(c)(3)(B) — that it "is void for vagueness in light of *Johnson*" — has been rejected by the Second Circuit, although a petition for rehearing *en banc* of that decision remains pending. *See United States v. Hill*, 832 F.3d 135, 145 (2d Cir. 2016), *reh'g requested*, Pet. for Reh'g En Banc, No. 14-3872, ECF No. 127 (Sept. 16, 2016).

6

robbery under § 2113(a) and (d) and using and carrying a firearm in relation to a crime of violence under § 924(c). *Leonard Johnson v. United States*, 779 F.3d 125, 126 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 209 (2015). Further, as here, the § 2113 bank robbery constituted the "crime of violence" that served as the predicate for Leonard Johnson's § 924(c) conviction. In considering Leonard Johnson's petition, the Second Circuit stated that "[a]mong the crimes of violence that may serve as a predicate for a § 924(c) conviction are the bank robbery and armed bank robbery offenses [of 18 U.S.C. § 2113(a) and (d)]." *Id.* at 128. In so stating, the Court indicated that bank robbery under 18 U.S.C. § 2113(a) and (d) constitutes a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," and thus falls under the definition of crime of violence in the force clause of § 924(c)(3)(A). *Id.* at 128–29; *see also United States v. Pena*, 161 F. Supp. 3d 268, 274–75 (S.D.N.Y. 2016) ("The Second Circuit . . . said expressly [in *Leonard Johnson*] that federal bank robbery under 18 U.S.C. § 2113(a) . . . is a crime of violence under the Force Clause.").

In 2016, after *Johnson* was decided, the Fourth Circuit likewise held "that bank robbery under 18 U.S.C. § 2113(a) is a 'crime of violence' within the meaning of the force clause of 18 U.S.C. § 924(c)(3)" and that "§ 2113(d) armed bank robbery . . . is also a crime of violence under the force clause." *McNeal*, 818 F.3d at 157. In reaching this conclusion, the court explained its reasoning as follows:

> Armed bank robbery under § 2113(d) has four elements: (1) the defendant took, or attempted to take, money belonging to, or in the custody, care, or possession of, a bank, credit union, or saving and loan association; (2) the money was taken "by force and violence, or by intimidation"; (3) the deposits of the institution were federally insured; and (4) in committing or attempting to commit the offense, the defendant assaulted any person, or put in jeopardy the life of any person, by the use of a dangerous weapon or device. The first three elements of armed bank robbery are drawn from § 2113(a) and define the lesser-included offense of bank robbery. The fourth element is drawn from § 2113(d). . . .

7

> Our sister circuits have uniformly ruled that other federal crimes involving takings "by force and violence, or by intimidation," have as an element the use, attempted use, or threatened use of physical force. . . . The logic of those decisions is straightforward. A taking "by force and violence" entails the use of physical force. Likewise, a taking "by intimidation" involves the threat to use such force. . . . Bank robbery under § 2113(a), "by force and violence," requires the use of physical force. Bank robbery under § 2113(a), "by intimidation," requires the threatened use of physical force. Either of those alternatives includes an element that is "the use, attempted use, or threatened use of physical force," and thus bank robbery under § 2113(a) constitutes a crime of violence under the force clause of § 924(c)(3).

*Id.* at 152−53.

The Seventh, Eighth, and Eleventh Circuits have also held, after *Johnson*, that § 2113 bank robbery is a crime of violence under the force clause of § 924(c). *See In re Sams*, 830 F.3d 1234, 1239 (11th Cir. 2016) ("We agree with the Fourth Circuit's reasoning [in *McNeal*] and hold now that a bank robbery conviction under § 2113(a) by force and violence or by intimidation qualifies as a crime of violence under the § 924(c)(3)(A) []force clause."); *United States v. Armour*, 840 F.3d 904, 907 (7th Cir. 2016); *Holder v. United States*, 836 F.3d 891, 892 (8th Cir. 2016); *see also United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016), *cert. denied*, 137 S. Ct. 830 (2017). Petitioner cites no contrary authority, and I have not located any. *See Lloyd v. United States*, No. CIV 16-0513, 2016 WL 5387665, at *4−6 (D.N.M. Aug. 31, 2016) (post-*Johnson* case surveying caselaw nationwide and concluding that "armed bank robbery is a crime of violence under the 'force' . . . clause of § 924(c)").

In sum, because attempted bank robbery in violation of 18 U.S.C. § 2113(a) and (d) is a "crime of violence" under the force clause of § 924(c), Leyones's habeas petition cannot prevail.[6]

---

[6] As is evident from the Fourth Circuit's reasoning in *McNeal*, the fact that Leyones pled guilty to attempted bank robbery, rather than completed bank robbery, does not change the analysis. The definition of "crime of violence" in the force clause includes any felony that "has as an element the use, *attempted use*, or threatened use of physical force." 18 U.S.C. 924(c)(3)(A) (emphasis added). As the Seventh Circuit explained, "the federal crime of attempted armed bank robbery qualifies as a crime of violence under the [force] clause of the definition . . . . Some offenders convicted of attempts to

# CONCLUSION

Leyones's § 2255 petition is denied. Because Leyones has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), no certificate of appealability shall issue, although Leyones may make such an application to the Second Circuit.

_____
Allyne R. Ross
United States District Judge

Dated:    February 22, 2018
              Brooklyn, New York

---

commit crimes of violence have argued that their attempts should not be deemed crimes of violence because the substantial step toward completion of the crime need not itself be a violent step. Such an argument is difficult to square with the statutory language reaching an offense that 'has as an element the . . . attempted use . . . of physical force. An attempt conviction requires proof of intent to carry out all elements of the crime, including, for violent offenses, threats or use of violence." *Armour*, 840 F.3d at 907, 909 n.3 (alterations in original).